IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Plastic Recovery Technologies, Inc. )
Plaintiff, )
)
vs. )
)
)
)
Robin Pearson )
Defendant.

# COMPLAINT

Plaintiff, Plastic Recovery Technologies, Inc., ("Plaintiff"), with its primary place of business at 850 Supreme Drive, Bensenville, Illinois 60106, by and through its attorneys, Robertson Law Group, LLC complains as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332(a)(1).

2. Plaintiff, Plastic Recovery Technologies, Inc., has its principal place of business at 850 Supreme Drive, Bensenville, Illinois 60106.

3. Upon information and belief, Defendant, Robin Pearson (hereinafter referred to as "Defendant"), is a resident of State of South Carolina, residing at the following address: 641 Mountain View Road, Williamston, South Carolina 29697.

4. Thus, complete diversity exists between the parties.

5. The matter in dispute as to Defendant exceeds the sum of $75,000, exclusive of interests and costs to which Plaintiff may be entitled, as the Complaint seeks repayment of a past loan

made to the Defendant plus expected profits in the amount of $219,845.50 on December 23, 2009.

6. Venue is proper because a substantial part of the events that lead to this complaint took place in the Northern District of Illinois, pursuant to 28 U.S.C. Section 1391(a).

## FACTUAL BACKGROUND

7. On or around December 1, 2009, Plaintiff and Defendant reached an agreement that Plaintiff would loan $198,950.50 to the Defendant.

8. Defendant agreed that Plaintiff would get a ten (10) percent return on the $198,950.50 loan which equals to a profit of $19,895.00 for Plaintiff under the contract.

9. Plaintiff and Defendant agreed that the amount of $198,950.50 was to be used by Defendant to acquire properties with existing homes, improve those properties, and sell the properties at a profit (hereinafter referred to as "flipping" properties).

10. Defendant was to use Plaintiff's loan in the amount of $198,950.50 to make repairs and improvements to real estate properties purchased by Defendant or related companies.

11. Defendant agreed to give Plaintiff fifty (50) percent of all profits on the deals made with the loan money as a means to pay back the principal and ten (10) percent profit over time.

12. Plaintiff executed the loan by transferring $198,950.50 to the Defendant's corporation ("KRN Properties") via wire transfer on December 23, 2009. (Exhibit A)

13. In 2010, Defendant successfully flipped two properties. One property located in Georgia and one property located in South Carolina.

14. These transactions created a profit for the Defendant of approximately $40,000.00.

15. Defendant told Plaintiff that she planned to send Plaintiff a check for $10,0000.00 from the $40,000 profit.

16. The Plaintiff never received a check for $10,0000.00 or any other payment.

17. In early 2011, Defendant informed Plaintiff that instead of flipping properties, Defendant wanted to use said funds to buy vacant lots in order to build and sell homes on those lots.

18. Plaintiff informed Defendant that he did not agree with this change in investment strategy and informed her that he would not continue their arrangement under the new terms.

19. Plaintiff requested immediate repayment of the loan in an email dated March 18, 2011. (Exhibit B) Since that demand, Defendant has not made any payment to Plaintiff and has refused to engage in any communication with him.

20. Around July of 2011, Eric Munson, an employee of the Plaintiff, had several conversations with the Defendant about this loan. On one occasion the Defendant claimed that the money was payment for sales commissions that she was entitled to through the Plaintiff's business. On further inquiry, she admitted that she was not entitled to any such payments and that the [illegible] The Defendant further admitted that current [illegible] in order to pay back the loan to the Plaintiff.

21. [illegible] Plaintiff and the outstanding balance of the loan remains $198,950.50.

## COUNT ONE
## BREACH OF CONTRACT

The averments of the preceding paragraphs are incorporated by reference herein from Paragraph 1 to Paragraph 21.

22. Defendant entered into a legal binding contract with Plaintiff when Plaintiff offered to extend Defendant a loan of $198,950.50 and Defendant accepted.

23. In consideration for the loan, Defendant was to use the funds to flip properties and share the profits with Plaintiff equally.

24. Defendant breached the material terms of the contract when she informed Plaintiff that she would no longer use the loan to flip properties and would instead use the funds from the loan to build houses.

25. Plaintiff began requesting immediate repayment of the loan in March of 2011 when Defendant breached material terms of the contract. That demand was ignored, and Plaintiff has not made any payments to the Defendant.

26. As aforesaid, the Defendant breached her contract with the Plaintiff when she changed the nature of their agreement and refused to return the Plaintiff's money or pay back any of the loan.

27. As aforesaid, Plaintiff has suffered damages in the amount of $198,950.50 plus the 10 (ten) percent profit he was promised per the contract (which amounts to $19,895) as well as court costs.

WHEREFORE, Plaintiff requests the court to uphold the contract and award damages under the contract to Plaintiff in the amount of $219,845.50 plus any other amount the court deems appropriate.

## COUNT TWO
## MISREPRESENTATION AND FRAUD UNDER ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

The averments of the preceding paragraphs are incorporated by reference herein from Paragraph 1 to Paragraph 27.

28. Defendant violated 815 ILCS 505/2, Illinois Consumer Fraud and Deceptive Business Practices Act, when she falsely represented that she would repay the loan made by Plaintiff

by paying Plaintiff 50% of all profits Defendant received from flipping properties with the loan money.

29. Defendant acted unethically and in an unscrupulous manner when she represented to Plaintiff that she would use the loan to flip properties and would then pay Plaintiff back in full plus 10% profit on the original loan amount when Defendant never planned to do so.

30. The deceptive and unfair actions of Defendant caused substantial injury to Plaintiff by causing him to lose out on his original loan amount of $198,950.50 and his expected gain of $19,895.00 for a total loss of $218,845.50.

31. Defendant intended that Plaintiff rely on this deception in order to induce Plaintiff to loan Defendant the money.

WHEREFORE, Plaintiff requests the court to uphold the contract and award Plaintiff damages in the amount of $218.845.50 plus punitive damages available under 815 ILCS 505/2.

## COUNT THREE
## COMMON LAW FRAUD

The averments of the preceding paragraphs are incorporated by reference herein from Paragraph 1 to Paragraph 31.

32. Defendant made a false statement of material fact to Plaintiff when Defendant promised [...] the loan amount in full plus 10% profit by flipping properties. [...] because Plaintiff relied on the statement concerning the [...] and how the loan would be repaid when he agreed to loan Defendant money.

34. At the time the statement was made Defendant did not intend on repaying the Plaintiff's loan on the agreed terms of the contract.

35. Defendant made the false statement in order to induce Plaintiff to loan her the money.

36. Plaintiff reasonably relied on the statement of Defendant that the loan would be repaid by flipping properties and had no reason to believe that the statement was false.

37. Plaintiff's reliance on Defendant's promise to pay Plaintiff 50% of all profits generated from the loan and repay said loan amount over time led to the Plaintiff's injury.

WHEREFORE, Plaintiff demands judgment against Defendant, Angela Pearson aka Robin Pearson, for:

(a) Compensatory damages in the amount of $218,845.50 plus court costs; and

(b) Punitive damages the court deems appropriate

(c) Such other relief as the court determines to be appropriate

Dated:

Respectfully submitted,

ROBERTSON LAW GROUP, LLC

By: _____
Frank Paul Venis, of Counsel to the
Robertson Law Group

ROBERTSON LAW GROUP, LLC
Sean Robertson

35 E. Wacker Dr. #935
Chicago, IL 60601
Telephone: (312) 854-7102
Sean@RobertsonLawGroup.com
Attorney Number: 42051